DOENCH *v.* STATE OF INDIANA.

[No. 13,755. Filed October 29, 1929. Rehearing denied January 15, 1930.]

*William D. Hardy,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

ENLOE, J.—Appellant was tried in the Vanderburgh Circuit Court upon a charge of unlawfully possessing intoxicating liquor, and, from a finding of guilty and the judgment rendered thereon, this appeal is prosecuted. The error assigned is the action of the court in overruling appellant's motion for a new trial.

In passing upon this alleged error, the only question which we need to consider is: Were the officers who

made the arrest, and who, in so doing, were acting without a warrant for his arrest, justified in making said arrest? In other words, Was the arrest a legal one?

It appears from the evidence that some time before the day on which the arrest herein involved was made, appellant had been engaged in a street fight and had created a disturbance in that part of the city of Evansville known as "Howell," and that a report of such fight and public disturbance had reached the police officers; that, on the day in question, two police officers, working together, saw appellant walking in a public alley of the city of Evansville, staggering and acting like he was intoxicated; that, from his actions at that time, the police officers concluded that he was intoxicated, and to place him under arrest; that they followed the appellant and saw him enter a building, and that, after he came out of said building, they approached him for the purpose of placing him under arrest and that one of the officers placed his hand upon the appellant, preliminary to such arrest; that, when the officer placed his hand upon him (appellant) as above stated, he struck the officer and started to run down the alley and stumbled or fell upon a pile of rubbish; that when he fell, two half-pint bottles of whisky fell out of the side pockets of his coat; that, before he could arise, the officers were upon him and had him in custody, and that thereafter, he took from his pocket a bottle of whisky and threw it upon the ground. This bottle of whisky the officers picked up and the same was put in evidence upon the trial. The officers who made the arrest, and others, testified that, at the time of the arrest, the appellant was intoxicated—drunk.

Appellant contends that, at the time the arrest was made, he was on private property and, therefore, not subject to arrest except upon warrant, and that, therefore, the court erred in overruling his

motion to suppress the testimony as to said whisky, and in admitting said bottle of liquor in evidence. The officers testified that the place where they first saw appellant staggering and under the influence of liquor was a "public alley." If it was such place, it then and there became the duty of the officers to make the arrest, even though they had no warrant; the offense was committed in their presence and they needed no warrant. The only liquor offered and received in evidence upon the trial was the bottle of whisky which appellant took from his pocket and cast aside, as before stated, and, as to this liquor, appellant is in no position to claim the invasion of any constitutional right. We find no error.

Affirmed.